```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
COURTNEY MANBECK, individually and on    :          ECF CASE
behalf of all others similarly situated,
                                         :
                  Plaintiff,                    05 Civ. 8017 (WCC
                                         :
        - against -
                                         :
KATONAH-LEWISBORO SCHOOL DISTRICT,                  OPINION
ROBERT LICHTENFELD, School               :         AND ORDER
Superintendent, individually and in his
official capacity, TRANSPORTATION        :
DEPARTMENT, and JAMES MINIHAN,
Transportation Supervisor, individually  :
and in his official capacity,
                                         :
                  Defendants.
- - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

<div style="margin-left:2em">

LAW OFFICE OF ROBERT I. GOODMAN
6 Legendary Circle
Rye Brook, NY 10573

</div>

ROBERT I. GOODMAN, ESQ.

    Of Counsel

<div style="margin-left:2em">

- and -

LAW OFFICES OF ALEXANDRA MANBECK
P.O. Box 446
Cross River, NY 10518

</div>

ALEXANDRA MANBECK, ESQ.

    Of Counsel      **Attorneys for Plaintiff**

<div style="margin-left:2em">

RUTHERFORD & CHRISTIE LLP
**Attorneys for Defendants**
300 East 42nd Street
New York, NY  10017-5947

</div>

JOHN S. DIACONIS, ESQ.

    Of Counsel

**CONNER, Senior D.J.:**

This § 1983 action was brought on behalf of Courtney Manbeck ("Courtney" or "plaintiff") and all others similarly situated, against defendants Katonah-Lewisboro School District (the "District"), Robert Lichtenfeld, the District superintendent, and James Millihan, transportation supervisor of the District. Plaintiff claims that defendants violated her Due Process and Equal Protection rights by denying her bus transportation to a private kindergarten because she did not meet the age requirement for transportation established by the District. Plaintiff filed a motion for a temporary restraining order and a preliminary injunction on October 14, 2005. Oral argument was heard before this Court on November 9, 2005. For the reasons stated herein, plaintiff's motion is denied.

## BACKGROUND

Courtney, who resides within the District, was born on December 11, 2000. (Complt. ¶ 4.) She was accepted into the Melrose School, a private school within the District, as a kindergarten student. (Pl. Suppl. Mem. Supp. Mot. TRO at 5;[1] Defs. Mem. Opp. Mot. TRO, Ex. A ¶ 3.) The Melrose School is registered with the New York State Department of Education. (Pl. Suppl. Mem. Supp. Mot. TRO at 5.) Courtney's parents applied to the District for bus transportation from her home to the Melrose School; the District currently buses Courtney's older sister, Lara Manbeck, from the same home to the Melrose School. (Pl. Mem. Supp. Mot. TRO at 4; Defs. Mem. Opp. Mot. TRO, Ex. A.)

---

[1] Plaintiff's Supplemental Memorandum in Support of the Motion for a Temporary Restraining Order and a Preliminary Injunction shall hereinafter be cited as "Pl. Suppl. Mem. Supp. Mot. TRO."

The District admits to kindergarten only children who have reached the age of five years before December 1 of the school term for which they apply for admission. (Complt. ¶ 6.) In Courtney's case, she would have to have been born before December 1, 2000 in order to be admitted to public kindergarten or to receive bus transportation to a private kindergarten within the District. (*Id.*; *see* Defs. Mem. Opp. Mot. TRO, Ex. A at 4.) On the application for her transportation Courtney's birth date was listed as "11/12/00." (Defs. Mem. Opp. Mot. TRO, Ex. A at 5-7.) The District requested a copy of Courtney's birth certificate to verify the date. (*Id.* at 6.) The birth certificate indicated that her birth date was December 11, 2000. (*Id.* at Ex. A.) Since she was born beyond the December 1, 2000 cutoff date, she was denied transportation by the District. (*Id.* at 6.) Plaintiff commenced this action on September 15, 2005.

## DISCUSSION

### I. <u>Preliminary Injunction Standard</u>

A party seeking a preliminary injunction must establish: (1) irreparable harm; and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *See Latino Officers Ass'n v. Safir*, 170 F.3d 167, 171 (2d Cir. 1999); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (per curiam).

### II. <u>Irreparable Harm</u>

"Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a

decision on the merits can be granted." *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983). To be irreparable, the injury must be one that mere money damages could not remedy. *See Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). "A preliminary injunction is an extraordinary equitable remedy and it will be granted only upon a showing by the applicant that it will probably succeed on the trial and that it will suffer irreparable injury if the defendant is not restrained from certain activity pending the trial." *Am. Metro. Enter. of N.Y. v. Warner Bros. Records, Inc.*, 389 F.2d 903, 904 (2d Cir. 1968).

Plaintiff maintains that she will suffer irreparable harm if public transportation is not provided because she will not be able to attend school regularly and, as a result, may not be able to meet attendance requirements for graduation from kindergarten. (Pl. Reply Mem. Supp. Mot. TRO at 23-24.) However, the asserted harm of not being able to complete kindergarten and thereby being prevented from advancing to first grade is directly caused by the plaintiff's parents' failure to seek alternative means of transporting their daughter to school.

If necessary, car or van service could undoubtedly be engaged to transport plaintiff to the school during the pendency of this action. This would prevent plaintiff's missing school and failing to meet the attendance requirement. Plaintiff has not indicated that the cost of such services would be a financial hardship; indeed, her parents could be reimbursed for these costs if the Court should ultimately determine that she was legally entitled to transportation. Both of plaintiff's parents work as lawyers and their work schedules would permit them to drive plaintiff to school only some days. (Pl. Reply Mem. Supp. Mot. TRO, Exs. 8-11.) Although it may be inconvenient to arrange for car or van service on the other days only, this inconvenience does not rise to the level of an irreparable harm. Indeed, the inconvenience could be avoided by arranging for transportation service everyday,

which would provide certainty that plaintiff will have transportation regardless of her parents' work schedule.

## III. Likelihood of Success on the Merits

Plaintiff asserts that there is a likelihood that she will succeed on the merits of the case. In particular, she argues that New York Education Law § 3635 guarantees that transportation shall be provided for children legally attending nonpublic kindergarten, that the Due Process Clause of the Fourteenth Amendment guarantees her a property interest in public transportation and that, under the Equal Protection Clause of the Fourteenth Amendment, there is no rational basis for the District's disparate treatment of plaintiff as compared to all other District kindergarten students. (Pl. Suppl. Mem. Supp. Mot. TRO at 3-11.) We will consider each of these arguments in turn.

### A. "Legally Attending" Kindergarten

Section 3635 of the Education Law provides that "transportation shall be provided for all children attending grades kindergarten through eight who live more than two miles from the school which they legally attend." N.Y. EDUC. LAW § 3635(1)(a). In *Cornwall Central School District v. Nyquist*, the Second Department held that a child who was too young to attend public kindergarten was still entitled to public transportation because she was legally attending a private kindergarten. 61 A.D.2d. 132, 133, 401 N.Y.S.2d 589, 590 (3d Dep't 1978). The child was attending a nonpublic kindergarten that was voluntarily registered pursuant to § 207 of the Education Law. *Id.* at 590. The Court, relying on 8 N.Y.C.R.R. § 125.9, stated, "[o]nce such a kindergarten has been registered by the Department of Education a child may not be admitted 'who is more than one month younger than

4

the age of entrance into the public school established by the school district in which that child resides.'" *Id.* (citing 8 N.Y.C.R.R. § 125.9 (amended 1980)). Since the plaintiff was born within a month of the age of entrance she was legally attending the private kindergarten and thus entitled to public transportation. *Id.*

The critical issue in this case is whether Courtney is "legally attending" the Melrose School. The provision relied on in *Cornwall*, 8 N.Y.C.R.R. § 125.9, has since been amended. Its current version reads "A kindergarten shall not admit a child who is younger than the age of entrance into the public schools established by the school district in which that child resides." 8 N.Y.C.R.R. § 125.9. The Melrose School is registered with New York State, as was the school in *Cornwall*. (Pl. Suppl. Mem. Supp. Mot. TRO at 5.) However, plaintiff is not entitled to bus transportation because, under 8 N.Y.C.R.R. § 125.9, plaintiff is not "legally attending" kindergarten. The District has established that in order to attend kindergarten within the District, the child must reach the age of five prior to December 1 of the school term for which attendance is sought. (Defs. Mem. Opp. Mot. TRO, Ex. A.) It is undisputed that plaintiff's birth date is beyond the deadline established by the District. (Complt. ¶ 6; Defs. Mem. Opp. Mot. TRO at 2.) Therefore, she is not entitled to bus transportation provided by the District.

Plaintiff argues that she is legally attending kindergarten because if she completes kindergarten at the Melrose School she must be accepted into first grade either in public or private school. (Pl. Suppl. Mem. Supp. Mot. TRO at 8.) In *Jokinen v. Allen*, the Supreme Court of Nassau County focused on a rule from the Commissioner of Education which made it mandatory for a school to accept into first grade a student who completed kindergarten at a registered nonpublic kindergarten, but made it discretionary whether the same student would be accepted if coming from

5

an unregistered nonpublic school. 182 N.Y.S.2d 166, 15 Misc. 2d 124 (N.Y. Sup. Ct. Special Term 1958). The court's inquiry was not whether a student not legally attending a nonregistered school would be admitted into first grade, but rather, on the arbitrary distinction between registered versus unregistered private kindergarten. *Id.*

Although the Melrose School is registered, as discussed above, plaintiff was not legally admitted to the school. The effect of plaintiff's attendance should she complete kindergarten this year and attempt to enter first grade next year is not before this Court. Nor does the registered/unregistered distinction change the fact that plaintiff's lack of legal attendance prevents her from receiving public transportation to the Melrose School. Article 8 of N.Y.C.R.R. § 125.9 specifies that the child attending kindergarten, whether public or private, registered or unregistered, must meet the minimum age specification as determined by the district in which the child resides. Plaintiff does not meet the age requirements established by the District and therefore is not legally admitted to the Melrose School.

Since plaintiff is not legally attending the Melrose School she is not entitled to public transportation to the school under New York Education Law § 3635(1)(a).

### B. <u>Plaintiff's Due Process Claim</u>

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment protects an individual's property interests. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* The Constitution does not create property interests, "[r]ather they are

created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.*

Plaintiff's claim that she is entitled to a Due Process interest in public transportation is without merit. New York's Education Law creates a property interest for students who "legally attend" a kindergarten more than two miles from their home. N.Y. EDUC. LAW § 3635(1)(a). Courtney Manbeck does not meet this requirement and therefore has no property interest in public transportation to the Melrose School. Had she been legally admitted to the Melrose School, this argument might have merit.

### C. Plaintiff's Equal Protection Claim

Finally, plaintiff argues that the District's policy violates her Equal Protection rights. The Supreme Court has held that an individual may raise an Equal Protection claim alleging that he or she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, "the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Plyer v. Doe*, 457 U.S. 202, 216 (1982). The determination of what is "different" and what is "the same" lies with the State Legislature. *Id.* In this respect, the Supreme Court has stated that the legislature must be afforded "*substantial* latitude to establish the classifications that roughly approximate the nature of the problem perceived, that accommodate competing concerns both public and private, and that account for limitations on the practical ability of the State to remedy every ill." *Id.* (emphasis added). "In applying the Equal Protection Clause to most forms of state action, we thus seek only the assurance that the

7

classification at issue bears some fair relationship to a legitimate public purpose." *Id.*

The New York State Legislature (the "Legislature") has established that students are entitled to transportation if they legally attend a school more than two miles from their home. N.Y. EDUC. LAW § 3635(1)(a). As already indicated, the Legislature, under Article 8 of N.Y.C.R.R. § 125.9, has determined that the age of attendance shall be determined by the district in which the student resides. Further, the Legislature has stated that "a person *over* the age of five and under twenty-one" is entitled to public education. N.Y. EDUC. LAW § 3202(1) (emphasis added). Clearly the Legislature has established who is entitled to public education and bus transportation and who is not.

Affording the Legislature substantial latitude, as is required, there is rational basis for making this distinction. For administrative reasons, the District must set a cutoff date for admission into the kindergarten class. It has set that date at December 1. If the District moved the cutoff date to December 31, there would undoubtedly be cases brought by parents whose children were born in January raising the same issue plaintiff raises here. Thus this issue would arise no matter what cutoff date the District established because, inevitably, some students would be born just beyond the deadline. The Legislature's obvious concern that students who are below the age they have set for admission to kindergarten may perform at lower levels and thereby distract classroom proceedings is clearly a legitimate one. The classification they have established is, at the least, "roughly approximate[s] the nature of the problem perceived." *Plyer*, 457 U.S. at 216. Without such specific mandates, each child's request to attend public school and/or receive bus transportation would have to be reviewed on a case-by-case basis. These broader provisions "account for limitations on the practical ability of the State to remedy every ill." *Id.*

IV.     **Balancing of Hardships**

Plaintiff's argument regarding hardships is similar to her argument regarding irreparable harm. She maintains that by refusing to provide transportation, the District has caused her to miss numerous classes and put her at risk of having to repeat kindergarten. (Pl. Suppl. Mem. Supp. Mot. TRO at 11.) In response, defendants maintain that if they provided bus transportation to plaintiff and other students similarly situated, it would cause adverse financial implications for the District. (Defs. Mem. Opp. Mot. TRO at 9-10.) They argue that this financial strain will impact not only their District, but the adjoining school district, that is not a party to this action, that is contractually obligated to transport the District's students to the Melrose school.[2] *Id.*

This Court's position regarding plaintiff's argument has already been addressed, *infra* Part II. Defendants' argument in equally unpersuasive. The class of students to which plaintiff belongs is limited to those born between December 1, 2000 and December 31, 2000 and living within the District who are attending a private kindergarten more than two miles from their home. It appears likely that the number of students within this narrowly drawn class is small. In any event, because the first requirement—that there be irreparable harm—has not been met, it is not necessary for us to further consider this issue.

---

[2] Defendants have an agreement with the North Salem School District, under which, the North Salem School District buses children from the District to the Melrose School and, in return, the District buses children from the North Salem School District to another private school. (Defs. Mem. Opp. Mot. TRO at 9-10.) The North Salem School District is not a party in this action. (*Id.*) Defendants argue that should the preliminary injunction be granted it would cost the District significant money if other students want the same services offered to plaintiff. (*Id.*) They further assert that these costs could be significant if they were required to purchase more buses should North Salem not agree to provide transportation to students situated similarly to plaintiff. (*Id.*)

## CONCLUSION

For all of the foregoing reasons, the motion of plaintiff Courtney Manbeck for a temporary restraining order and a preliminary injunction is denied.

SO ORDERED.

Dated: White Plains, New York
November 22, 2005

*William C. Conner*
Sr. United States District Judge