```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
COURTNEY MANBECK, individually and on   :        ECF CASE
behalf of all others similarly situated,
                                        :
              Plaintiff,                         05 Civ. 8017 (WCC
                                        :
       - against -
                                        :
KATONAH-LEWISBORO SCHOOL DISTRICT,               OPINION
ROBERT LICHTENFELD, School              :        AND ORDER
Superintendent, individually and in his
official capacity, TRANSPORTATION       :
DEPARTMENT, and JAMES MINIHAN,
Transportation Supervisor, individually :
and in his official capacity,
                                        :
              Defendants.
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                        LAW OFFICE OF ROBERT I. GOODMAN
                                      6 Legendary Circle
                                      Rye Brook, NY 10573

ROBERT I. GOODMAN, ESQ.
                                      - and -
   Of Counsel

                                      LAW OFFICES OF ALEXANDRA MANBECK
                                      95 North Salem Road
                                      P.O. Box 449
                                      Cross River, NY 10518

ALEXANDRA T. MANBECK, ESQ.

   Of Counsel                            **Attorneys for Plaintiff**


                                      RUTHERFORD & CHRISTIE LLP
                                      **Attorneys for Defendants**
                                      300 East 42nd Street
                                      New York, NY  10017-5947

JOHN S. DIACONIS, ESQ.

   Of Counsel

**CONNER, Senior D.J.:**

This § 1983 action was brought on behalf of Courtney Manbeck ("Courtney" or "plaintiff") and all others similarly situated, against defendants Katonah-Lewisboro School District (the "District"), Robert Lichtenfeld, the District superintendent, and James Minihan, the District transportation supervisor. Plaintiff claims that defendants violated her due process and equal protection rights under the Fifth and Fourteenth Amendments by denying her bus transportation to a private kindergarten because she did not meet the age requirement for transportation established by the District. Plaintiff filed a motion for a temporary restraining order and a preliminary injunction on October 14, 2005. Oral argument was heard before this Court on November 9, 2005. By Opinion and Order dated November 22, 2005, plaintiff's motion was denied. Defendants then sought to dismiss the Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim. Plaintiff thereafter amended her Complaint to allege that New York Education Law § 3202 is unconstitutional and to modify the class of plaintiffs in this action to include students in other school districts that interpret § 3202 in the same manner as the District. As an answer had not been served at that time, plaintiff was permitted to amend her Complaint subject to defendants' outstanding motion to dismiss. The Amended Complaint adds as defendants all other similarly situated school districts in New York State.[1] For the foregoing reasons, defendants' motion is granted.

## BACKGROUND

The facts of this case are set forth extensively in our previous opinion, familiarity with which

---

[1] The New York State Attorney General's Office was informed of the Amended Complaint and permitted to intervene pursuant to 28 U.S.C. § 2403(b). They declined to do so.

is presumed. *See Manbeck v. Katonah-Lewisboro Sch. Dist.*, 403 F. Supp. 2d 281 (S.D.N.Y. 2005).

## DISCUSSION

**I.     Standard of Review**

On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.). The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 514 (2002). Furthermore, in assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint and any document attached as an exhibit to the complaint or incorporated in it by reference. *See* FED. R. CIV. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999) (citations omitted); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996).

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10(1980)). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL.,

MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff describes are insufficient as a matter of law. *See Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

II.     **Fifth Amendment Claim**

Insofar as plaintiff claims a violation of her Fifth Amendment rights, that claim must be dismissed as plaintiff has "not named the United States government or any agency or employee thereof as a defendant in this matter." *See Cassidy v. Scoppetta*, 365 F. Supp. 2d 283, 286 (E.D.N.Y. 2005). The Fifth Amendment "'governs the conduct of the federal government and federal employees, and does not regulate the activities of state officials or state actors.'" *Id.* (quoting *Dawkins v. City of Utica*, No. 93-CV-373, 1997 WL 176328, at *4 (N.D.N.Y. Apr. 4, 1997) (emphasis in original) (internal citations and quotation marks omitted)).

III.    **Fourteenth Amendment Claims**[2]

A.      **Procedural Due Process**

"A two-prong test applies to analyze procedural due process claims. First, the threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution.

---

[2] To the extent plaintiff attempts to assert that her substantive Due Process rights were violated, her claims would fail. While the Supreme Court has recognized the protection of fundamental rights under the Fourteenth Amendment in the context of substantive due process and equal protection, it is well established, however, that there is no fundamental right to education. *See e.g., Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 458 (1988). Therefore, plaintiff cannot demonstrate a fundamental right under either substantive due process or equal protection. *See Mazevski v. Horseheads Cent. Sch. Dist.*, 950 F. Supp. 69, 70 (W.D.N.Y. 1997).

3

Second, if a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process." *Henderson v. New York*, 423 F. Supp. 2d 129, 145 (S.D.N.Y. 2006) (internal quotations omitted). The Due Process Clause of the Fourteenth Amendment protects an individual's property interests. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* The Constitution does not create property interests, "[r]ather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.*

Plaintiff asserts that she has a property interest in public education. In support of this assertion plaintiff directs this Court to Article XI, § 1 of the New York State Constitution and § 3202 of the New York State Education Law. The New York State Constitution provides that "[t]he legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated." N.Y. CONST. art. XI, § 1. Section 3202(1) of the New York Education Law states, "[a] person over five and under twenty-one years of age who has not received a high school diploma is entitled to attend the public schools maintained in the district in which such person resides without the payment of tuition." However, that same section explicitly states, "[n]othing herein contained shall, however, require a board of education to admit a child who becomes five years of age after the school year has commenced unless his birthday occurs on or before the first of December." N.Y. EDUC. L. § 3202(1). Courtney turned five on December 11, 2005, after the 2005-06 school year commenced and after the December 1 deadline. She therefore is not yet entitled to free public education and therefore does not have a protected

4

property interest under New York State law.³ As we stated in our prior opinion, plaintiff does not have a property interest in public transportation to her private kindergarten. *See Manbeck*, 403 F. Supp. 2d at 284-87. Since plaintiff does not have a protected property interest, we need not consider whether she was denied due process.

B. **Equal Protection**

The Supreme Court has held that an individual may raise an equal protection claim alleging that he or she has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, "the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Plyler v. Doe*, 457 U.S. 202, 216 (1982). The determination of what is "different" and what is "the same" lies with the state legislature. *Id.* In this respect, the Supreme Court has stated that the legislature must be afforded "*substantial* latitude to establish the classifications that roughly approximate the nature of the problem perceived, that accommodate competing concerns both public and private, and that account for limitations on the practical ability of the State to remedy every ill." *Id.* (emphasis added). "In applying the Equal Protection Clause to most forms of state action, we thus seek only the assurance that the classification at issue bears some fair relationship to a legitimate public purpose." *Id.* Under this review, "a statute is presumed constitutional, and '[t]he burden is on the one attacking the legislative

---

³ Plaintiff, relying on *Goss v. Lopez*, 419 U.S. 565 (1975), asserts that the District's policy results in a 365-day suspension from public education. (Pl. Suppl. Mem. Opp. Mot. Dismiss at 4.) However, in that case, the students had a property interest in public education as defined by Ohio statute. Here, as discussed, Courtney does not have such an interest. Therefore, that case is inapposite.

arrangement to negative every conceivable basis which might support it.'" *Heller v. Doe*, 509 U.S. 312, 320 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

Plaintiff asserts that because she was born in December 2000, she has been denied the right to a kindergarten education and bus transportation to an alternate private school unlike those children born between January 1, 2000 and November 30, 2000. Plaintiff attempts to overcome the statute's presumed constitutionality by arguing that other districts in New York, namely the New York City School District, Yonkers School District and Somers School District, admit into kindergarten those students attaining five years of age between December 1 and December 31. In light of this, plaintiff argues that there can be no rational basis for the District to use the earlier December 1 date because other districts and private schools use the later date without any serious consequences.

Plaintiff has not succeeded in rebutting the statute's presumed constitutionality by merely pointing out different age-based admissions deadlines among school districts. The defendants need not "'actually articulate at any time the purpose or rationale supporting its classification.'" *Heller*, 509 U.S. at 320 (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992)). Indeed, the legislature is under no obligation to produce evidence to sustain the rational or purpose of a statutory classification. *See id.* at 320 (citing *F.C.C. v. Beach Commc'ns*, 508 U.S. 307, 315 (1993)). Moreover, the classifications created by the age cut-off "must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* at 320.

As already indicated, New York State Education Law § 3202 articulates the standard for those who are entitled to free appropriate public education. The statute explicitly states that it does not require a district to admit a child who turns five after the school year begins *unless* the child turns

6

five *before* December 1. The New York State Legislature, under Article 8 of N.Y.C.R.R. § 125.9, has determined that the age of attendance shall be determined by the district in which the student resides. Therefore, the Legislature has left to the discretion of the districts when, either on or after December 1, they will establish the admission deadline for kindergarten.

Even if we were to find that plaintiff has presented sufficient evidence to rebut the presumption of constitutionality, which she has not, defendants have demonstrated a rational basis for the age distinctions. *See*, *e.g.*, *Lewitas v. Ossining Union Free Sch. Dist.*, 10 Misc. 3d 1059(A) (N.Y. Sup. Ct. Westchester Cty. 2005); *Isquith v. Levitt*, 137 N.Y.S.2d 493 (Sup. Ct. Kings Cty. 1954). In consideration of the substantial deference afforded to legislative statutes and decisions, we find that the administrative and educational interests served by the age distinction provide a rational basis. Administratively, the state and various school districts must set an age cut-off date, and any date will inevitably create distinctions and classifications. However, these classifications are necessary to address legitimate educational concerns presented by children below the age of admission as they may perform at lower levels and thereby slow classroom proceedings or affect the safety of transportation. The classification defendants have established, at the least, "roughly approximate[s] the nature of the problem perceived." *Plyler*, 457 U.S. at 216. Without such specific mandates, each child's request to attend public school and/or receive bus transportation would have to be reviewed on a case-by-case basis. These broader provisions "account for limitations on the practical ability of the State to remedy every ill." *Id.* The distinction may also be in place to permit the District to delay the costs of educating and transporting these children for a year. The District is in the best position to determine its budgetary considerations, and its determination to allocate its funds in this manner is rational. The Court holds that the age distinctions created by New York

7

Education Law § 2302 and 8 N.Y.C.R.R. § 125.9 serve important administrative, educational and financial interests and thus do not violate the equal protection clause of the Fourteenth Amendment.

## IV. Claims Under the Civil Rights Act

The Amended Complaint, in addition to alleging causes of action based on violations of the Fifth and Fourteenth Amendments, also alleges causes of actions under 42 U.S.C. §§ 1981, 1983 and 1985.

Section 1983 prevents a person "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). "It is axiomatic that a successful § 1983 claim requires more than a showing that one has been wronged at the hands of a state or municipal official. Rather, a plaintiff must allege that he has been deprived of some right secured by federal statute or the United States Constitution." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985). As stated above, plaintiff cannot demonstrate that she was denied a right secured under the Constitution. Therefore, her § 1983 claim must fail. *See Baker*, 443 U.S. at 146-47 (holding that "[h]aving been deprived of no rights secured under the United States Constitution, respondent had no claim cognizable under § 1983").

Section 1981 "prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, [and it] covers . . . efforts to impede

access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). A § 1981 claim requires plaintiff to allege: (1) that he is a member of a racial minority; (2) that defendants had an intent to discriminate against him on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute, namely to make and enforce contracts, sue and be sued, give evidence, etc. *See id.* To survive a motion to dismiss, plaintiff's complaint must assert "that the defendant[s'] acts were purposefully discriminatory . . . and racially motivated." *Albert v. Carovano*, 851 F.2d 561, 571-72 (2d Cir. 1988) (en banc). The Amended Complaint is devoid of any assertions regarding racial discrimination. Indeed, the Amended Complaint fails even to mention plaintiff's race. Accordingly, no § 1981 action can stand.

For similar reasons, plaintiff's § 1985 cause of action also is defective. Narrower in scope than § 1983, *see Blankman v. County of Nassau*, 819 F. Supp. 198, 205 (E.D.N.Y. 1993), under § 1985(3)[4] a plaintiff must plead "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of the citizens of the United States.'" *Fox v. City of New York*, No. 03 Civ. 2268, 2004 WL 856299, at *9 (S.D.N.Y. Apr. 20, 2004) (quoting *Mian*, 7 F.3d at 1087-88). "Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Mian*, 7 F.3d at 1088 (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825,

---

[4] The other sections of 1985 are irrelevant to this case. Section 1 addresses conspiracies to interfere with civil rights by preventing an officer from performing his duties and section 2 addresses obstructing justice through intimidation of a party, witness or juror.

829 (1983)). "A plaintiff states a viable cause of action under § 1985 [excepting clause 1 of § 1985(2)] only by alleging a deprivation of his rights on account of his membership in a particular class of individuals." *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir.1987) (modification in original). Here, plaintiff asserts that she was deprived of education and transportation based on her membership in a class of plaintiffs born in December of each year. However, as discussed, plaintiff cannot demonstrate that she was deprived of a right secured by statute or the Constitution. Although plaintiff alleges that the defendants conspired to deny her education, she has failed to allege an improper motivation for such a conspiracy. Therefore, plaintiff's § 1985 claim must fail.

## CONCLUSION

For all of the foregoing reasons, the motion of defendants Katonah-Lewisboro School District, Robert Lichtenfeld, and James Minihan is granted, and the action is dismissed in its entirety with prejudice.

SO ORDERED.

Dated: White Plains, New York
June 7, 2006

*William C. Conner*
Sr. United States District Judge